Boring-, J.,
concurring:
The vessel, in this case, was certainly not purchased before she was blown up; and after that she could not be, for she was not then available for transportation, and the Quartermaster General could purchase only for transportation. On the evidence it is simply a case of the destruction of the vessel by a war risk, for which the United States were liable; and the construction of the charter-party in such case is important, because, it may come up in many future cases. And I think the valuation in the charter-party is not applicable to the war risk assumed by the United States, but only to the acquisition by the United States of the vessel under the accruing clauses, (as they have been termed,) in which the valuation is placed in the context.
*174 As to the purchase of the vessel, the United States had an. election, and thejr could at any time, during the charter-party, take her or not at their option, and as might be for their advantage in her then condition. And 1 think this optional right cannot be turned into an absolute obligation in them to pay her valuation when chartered, for her destruction at any future time, whatever her actual condition might then be, and however much she might be deteriorated in value by wear and tear, or causes of deterioration for which the United States were not to be liable.
In the law of insurance the reason of a valued policy is that the insurer takes the risks of the perils that may reduce the value of the vessel, and therefore, when she is injured by these, her value at the date of the policy is the measure of his liability. Here the United States took only the war risks, and 1 think the measure of their liability was the actual value of the vessel when she was blown up, and that the owner was entitled to that, for otherwise the insurance would not cover his loss.
Had the United States discharged the vessel the owner would have had his contract price for her use and his vessel as she then was. And when she was destroyed by a peril assumed by the United States, I think the owner was entitled to his contract price for her use, of which the United States had had the benefit, and to an equivalent for his vessel as she then was, i. e., her actual value when destroyed by a peril the United States had insured against.
But in this case the parties concurred in a mode of settlement which was fairly carried out between them •, and the claimant took such benefit as that gave him, and kept it five years without objection. And I think he cannot repudiate that mode of settlement here; he is estopped by his own acts, for an assent acted upon cannot be revoked.
For these reasons I think the United States are entitled to judgment. ■